UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OSHAY SHAYFER RANDOLPH,

                Plaintiff,

v.                                                 Case No. 25-cv-835-pp

R. HEPP, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Oshay Shayfer Randolph, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

I.     **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On June 20, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $12.54. Dkt. No. 5. The court received that fee on August 4, 2025.

The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The complaint concerns events that allegedly occurred while the plaintiff was housed at Columbia Correctional Institution and Waupun Correctional Institution. Dkt. No. 1 at ¶¶9, 25. The complaint names as defendants from Waupun former Warden Randall Hepp, Security Director Yana Pusich, Lieutenant Hitz, Captain Rymarkiewicz, Lieutenant Fisher, Health Services Unit (HSU) Manager Weinman, HSU Assistant Manager Haseleu, Lieutenant Staniec, Captain Greil, Captain Westra, Sergeant John Doe and Captain Bauer. Id. at ¶¶10–16, 19–23. The complaint names as defendants from Columbia Captain Peters and Deputy Warden L. Funces. Id. at ¶¶17–18. The plaintiff has sued all defendants in their individual and official capacities. Id. at ¶¶10–23.

The complaint alleges that between 12:15 and 12:45 p.m. on August 9, 2022, another incarcerated person assaulted the plaintiff when Sergeant John Doe opened the plaintiff's cell door and allowed the other person to enter. Id. at ¶24. The plaintiff alleges that before this assault, he told Captain Peters that it was "not safe for [him] to be sent to" Waupun. Id. at ¶25. Peters told the plaintiff to fill out "SPN" forms about his concern. Id. The plaintiff does not say

3

whether he filled out the forms as Peters advised him. Id. But he says that on June 29, 2022, he "express[ed] to" Peters and Funces his concern about his "safety issue and they did nothing at all." Id.

The plaintiff alleges that he also wrote to defendants Westra, Greil and Pusich nine times between June 29, 2022 and the assault on August 9, 2022. Id. at ¶26. He alleges that he "wrote many SPN form's [*sic*]" and sent them to Westra, Greil, Pusich, Peters, Staniec, Bauer, Funces, Hepp and Rymarkiewicz. Id. The plaintiff alleges that after the assault, he "was seen by" Dr. DeBlanc (not a defendant) in the psychological services unit. Id. at ¶27. DeBlanc called the HSU, but the plaintiff alleges that HSU staff "did nothing about plaintiff[']s injuries, didn't even see plaintiff at all." Id. The plaintiff asserts that "all defendants" failed to protect him. Id. at ¶28. He says that on November 17, 2022, his "mental [*sic*] took plaintiff to a dark place and [he] was place[d] on [observation status] due to fear." Id.

The plaintiff asserts that defendants Peters, John Doe, Greil, Westra, Staniec, Pusich, Hepp and Funces failed to protect him from a substantial risk of serious harm despite his "cry's [*sic*] for help." Id. at ¶29. He says that because of their deliberate indifference, he was assaulted and threatened and suffered "serious physical and emotional injuries." Id. The plaintiff asserts that defendants Weinman and Haseleu denied him health services and were indifferent to his serious needs, which made him "very depressed, wanting to kill himself, always in a dark place, always looking over his shoulders." Id. at ¶¶31–32. The plaintiff asserts that the failure of all defendants to ensure that the plaintiff received "the needed treatment" even after Dr. DeBlanc contacted HSU staff constitutes deliberate indifference to his serious medical needs and caused him injury. Id. at ¶¶32–33. Finally, he asserts that defendants Hepp, Pusich,

Hitz, Rymarkiewicz, Fisher, Westra, Peters, Staniec, Funces, Greil, Bauer and John Doe breached their duty of reasonable care owed to the plaintiff by disregarding his fear of assault. Id. at ¶¶34–35. He asserts that these defendants acted negligently and allowed him to suffer physical harm. Id. at ¶¶35–36.

The plaintiff seeks declaratory judgment that all defendants violated his constitutional rights, injunctive relief requiring the defendants to provide the plaintiff trauma abuse counseling and compensatory and punitive damages. Id. at p.8.

    C.    Analysis

The court analyzes the plaintiff's allegations that the defendants failed to protect him under the Eighth Amendment's prohibition of cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted) (noting that prison officials "must take reasonable measures to guarantee the safety of the inmates" and "to protect prisoners from violence at the hands of other prisoners"). An Eighth Amendment claim consists of both objective and subjective components. Farmer, 511 U.S. at 834. To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." Id. It is not enough to demonstrate "a generalized risk of violence." Wilson v. Ryker, 451 F. App'x 588, 589 (7th Cir. 2011) (citing Brown v. Budz, 398 F.3d 904, 909, 913 (7th Cir. 2005)). The plaintiff must show that there was "a tangible threat to his safety or well-being"—in other words, a risk "so great that it is almost certain to materialize if nothing is done." Id. (citing Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008) and Brown, 398 F.3d at 911 (internal quotations omitted)). To satisfy the subjective component, the plaintiff must demonstrate that the officials acted

5

with the requisite intent—that is, that they had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an incarcerated person's health or safety and disregards that risk. Id. at 837; Perez, 792 F.3d at 776.

The plaintiff alleges that while he was incarcerated at Columbia, he told Captain Peters that it would not be safe for him to be transferred to Waupun. But the complaint does not explain *why* the plaintiff believed he would be unsafe at Waupun. Captain Peters told the plaintiff to fill out SPN forms, which the court infers relate to special or protective placement. The plaintiff does not say whether he filled out those forms, but he alleges that he again told Peters, as well as Deputy Warden Funces, about his safety concerns. Again, the complaint does not specify why the plaintiff was concerned about his safety. The plaintiff says that he also told several Waupun officials about his safety concerns and completed several SPN forms. He says that he sent these forms to Waupun officials, but the complaint still does not detail the plaintiff's concerns or explain why he believed his safety was in danger at Waupun. The complaint alleges that on August 9, 2022, Sergeant John Doe opened the plaintiff's cell door and another incarcerated person entered the plaintiff's cell and assaulted him. The plaintiff sought medical treatment for his injuries and psychological treatment for his growing fear and anxiety. He says that he was not provided medical treatment, but that he was placed in observation status because of his fear. He claims that the defendants failed to protect him from this assault and failed to provide him appropriate medical treatment afterwards.

The complaint's allegations are too vague and general to state a claim against any defendant. Regarding the plaintiff's allegations that staff failed to

6

protect him, he does not explain why he felt concerned for his safety, nor does he say whether he ever told any officer at Columbia or Waupun *why* he needed special protection or placement away from Waupun. As the court explained above, prison staff's failure to protect the plaintiff from a general fear of harm would not violate his constitutional rights. See Wilson, 451 F. App'x at 589. It is not enough for an incarcerated person to express a "vague" fear for his safety; he must provide officials enough information to "put the officer on notice of a real threat to [the incarcerated person's] safety." Moore v. W. Illinois Corr. Ctr., 89 F.4th 582, 592–93 (7th Cir. 2023). The plaintiff's general allegations that it was "not safe" for him to be at Waupun and that he "express[ed]" concern about "[his] safety" do not satisfy this standard and did not put the defendants on notice of a threat to his safety.

The plaintiff says that Sergeant John Doe opened his cell door, which allowed the other incarcerated person to come in and attack him. But he does not allege that John Doe did this in disregard of a serious risk to the plaintiff's health or safety from another incarcerated person. Because the plaintiff says nothing about the specific risk to his health or safety, the court cannot infer that opening the plaintiff's cell door, on its own, created a significant risk that he would be assaulted. At most, these allegations could suggest that John Doe acted negligently. But negligence, even gross negligence, is not enough to violate the Eighth Amendment. See Farmer, 511 U.S. at 835–36; Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001).

Even if the plaintiff's allegations were sufficient to state an Eighth Amendment claim, the complaint fails to tie specific defendants to wrongful conduct. The plaintiff names fourteen defendants, but most of his allegations are directed at several of these defendants at once. For example, the plaintiff

alleges that "all defendants" failed to protect him, then names eleven of the defendants without explaining what each (or any) of them *specifically* did that violated his rights. This kind of "vague phrasing" in a complaint, alleging that "'one or more of the Defendants' had engaged in certain acts or deprived [plaintiff] of his constitutional rights . . . does not adequately connect specific defendants to illegal acts." Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009). The plaintiff follows up many of his factual allegations by citing the exhibits that he attached to his complaint. See Dkt. No. 1-1. But the plaintiff attached eighty-five pages of exhibits. He does not explain the relevance of any of these exhibits, and he cites multiple exhibits in support of all but one paragraph of allegations. See Dkt. No. 1 at ¶¶24–27. Other exhibits he does not cite at all. And many of these exhibits are institutional complaints or complaint reports that he filed *after* the alleged August 9, 2022 assault. See Dkt. No. 1-1 at 1–7, 10–27. The court is not required to wade through the plaintiff's exhibits in an attempt to discern how they support the allegations in his complaint. See Felton v. Bartow, 926 F.3d 451, 467 n.5 (7th Cir. 2019).

The plaintiff's five paragraphs of allegations contain *no* allegations against Weinman and Haseleu, whom the plaintiff claims failed to provide him medical treatment. The plaintiff does not name those defendants until his second claim for relief, where he states that Weinman and Haseleu's "refusal of health services . . . constituted deliberate indifference to plaintiff's serious health needs." Dkt. No. 1 at ¶31. This single, general statement does not provide enough information for the court to determine whether Weinman and Haseleu personally were aware of a substantial risk of serious harm to the plaintiff and disregarded it; he must allege both of those things to state an

Eighth Amendment claim. See Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

The plaintiff also seeks to proceed on a state law claim of negligence. But because the complaint does not state a federal claim, the court will not exercise supplemental jurisdiction over any putative claims arising under state law. See 28 U.S.C. §1367(c)(3).

The complaint does not state a claim. But it is possible that if the plaintiff provided additional information and made his allegations clearer, he might be able to state a claim against one or more defendants. The court will give him an opportunity to amend his complaint to clearly explain what each defendant did (or did not do) to violate his rights and to provide details about why he feared for his safety. When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language, citations to statutes or cases or attached exhibits. But it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper,

**double-spaced so that the court can read them**. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

Even if the plaintiff submits an amended complaint that complies with these instructions, he will not be entitled to the declaratory and injunctive relief that he seeks. "[U]nder § 1983, declaratory or injunctive relief is only proper if there is a continuing violation of federal law." Kress v. CCA of Tenn., LLC, 694 F.3d 890, 894 (7th Cir. 2012) (citing Green v. Mansour, 474 U.S. 64, 73 (1985)). The plaintiff alleges that he was assaulted in August 2022, and he does not allege that the defendants have continued to violate his rights since then. That means that he may not seek declaratory or injunctive relief and may seek only damages in this lawsuit.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **October 17, 2025**. If the court receives an amended complaint by the end of the day on October 17, 2025, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by day's end on October 17, 2025, the court will dismiss

10

Case 2:25-cv-00835-PP    Filed 09/16/25    Page 10 of 12    Document 10

this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$337.46** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Fox Lake Correctional Institution, where the plaintiff is incarcerated.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 16th day of September, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**