---

OSHAY SHAYFER RANDOLPH,

                Plaintiff,

    v.                                     Case No. 25-cv-835-pp

R. HEPP, *et al.*,

                Defendants.

---

## ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 11)

---

Plaintiff Oshay Shayfer Randolph, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and determined that it did not state a claim. Dkt. No. 10 at 10. The court gave the plaintiff an opportunity to file an amended complaint; he did so, and this order screens the amended complaint. Dkt. No. 11.

## I.    Screening the Amended Complaint

### A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     Amended Complaint's Allegations

The plaintiff alleges that defendants Captain Peters and Lieutenant Funces failed to protect him because they did not investigate "SPN" (special placement need) forms the plaintiff filled out in June 2022. Dkt. No. 11 at 2. Peters allegedly knew that the plaintiff had a "hit" on his life because he shot an incarcerated individual's family member. Id. The plaintiff states that it has been placed in the "DOC system" that he has an active "hit on his life." Id. He allegedly wrote many SPN forms and sent them to defendants Peters, Funces, Yana Pusich, Lieutenant Staniec, Captain Griel, Captain Westra, R. Hepp and Captain Rymarkiewicz to be investigated, but they never investigated the forms. Id. at 2-3. The plaintiff states that he submitted the SPN forms from June 2022 until after an assault that occurred on August 9, 2022. Id.

The plaintiff alleges that on August 9, 2022, defendant Sergeant John Doe failed to protect him when he opened the plaintiff's cell door for another incarcerated person to assault him. Id. The plaintiff states that before John Doe opened the cell door, the defendants were on notice of a threat to the plaintiff's safety based on the SPN forms he submitted. Id. at 3-4.

The plaintiff claims that the defendants violated his rights under the Eighth Amendment. Id. He also claims that John Doe was "grossly negligent" in violation of Wisconsin state law when he opened the plaintiff's cell door to another incarcerated individual who wasn't assigned to the cell. Id. at 3. For relief, the plaintiff seeks declaratory relief, compensatory damages and punitive damages. Id. at 6.

C. <u>Analysis</u>

The Eighth Amendment to the United States Constitution requires prison officials to protect incarcerated persons from violence at the hands of other incarcerated persons. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 833-34 (1994). But not "every injury suffered by one prisoner at the hands of another [ ] translates into constitutional liability for prison officials." <u>Id.</u> at 834. The Eighth Amendment's prohibition against cruel and unusual punishment "obligates prison officials to take 'reasonable measures to guarantee the safety of . . . inmates.'" <u>LaBrec v. Walker</u>, 948 F.3d 836, 841 (7th Cir. 2020) (quoting <u>Sinn v. Lemmon</u>, 911 F.3d 412, 419 (7th Cir. 2018)). Prison officials who do not protect one incarcerated individual from violence at the hands of another may be found liable under the Eighth Amendment only if two requirements are met: (1) the incarcerated person must have been exposed to a risk of objectively serious harm and (2) the prison official must have had actual knowledge of that risk and responded with deliberate indifference. <u>See</u> <u>id.</u>; <u>see also</u> <u>Farmer</u>, 511 U.S. at 837-38.

The plaintiff has alleged sufficient facts to allow him to proceed on a claim that he faced a risk of objectively serious harm. <u>See</u>, <i>e.g.</i>, <u>Brown v. Budz</u>, 398 F.3d 904, 910 (7th Cir. 2005) (holding that "a beating suffered at the hands of a fellow detainee . . . clearly constitutes serious harm"). The plaintiff also has alleged that he submitted SPNs to Peters, Funces, Hepp, Pusich, Rymarkiewicz, Greil, Staniec and Westra about threats to his safety but that they did not investigate. And he alleges that John Doe opened his cell door to

4

another incarcerated individual despite there being an active "hit on [the plaintiff's] life" in the DOC system. At the pleading stage, these allegations satisfy the subjective prong of an Eighth Amendment failure to protect claim. See LaBrec, 948 F.3d at 841; see also Gevas v. McLaughlin, 798 F.3d 475, 480-81 (7th Cir. 2015); Santiago v. Walls, 59 F.3d 749, 758-59 (7th Cir. 2010). The plaintiff may proceed on his Eighth Amendment claims against defendants Peters, Funces, Hepp, Pusich, Rymarkiewicz, Greil, Staniec, Westra and John Doe in their individual capacities. The court will exercise supplemental jurisdiction over the plaintiff's negligence claim against John Doe. See 28 U.S.C. §1367(a). After the court issues a scheduling order, the plaintiff will need to use discovery to identify the Doe defendant.

The amended complaint does not contain any allegations against defendant Lieutenant Fisher, so the court will dismiss Fisher as a defendant.

## II.    Conclusion

The court **ORDERS** that defendant Lieutenant Fisher is **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Peters, Funces, Hepp, Pusich, Rymarkiewicz, Greil, Staniec, Westra. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

6

advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 23rd day of June, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

7